**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108804

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CAMILLE WADSWORTH,<br><br>Plaintiff,<br><br>vs.<br><br>GOLD KEY CREDIT, INC.,<br><br>Defendant. | Docket No: 8:15-cv-1118-T-36TGW<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CAMILLE WADSWORTH (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Gold Key Credit, nc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA")

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. This Court has personal jurisdiction over Gold Key Credit, Inc. because Gold Key Credit, nc. maintains its principal place of business in Florida

4. Venue is proper under 28 U.S.C. §1391(a)(2) because Gold Key Credit, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions

1

giving rise to the claim occurred in this Judicial District.

5. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York and resides in this Judicial District.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Brooksville, Florida.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence annexed hereto as "Exhibit 1."

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. One such requirement is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20. A debt collector has the obligation, not just to convey "the name of the creditor to whom the debt is owed," but also to convey such clearly.

21. Even if a debt collector conveys the required information, the collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

22. When determining whether "the name of the creditor to whom the debt is owed," has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

23. Here, Defendant's letter indicates a creditor of "PORT EMERG MED. SVC. NESPEM1."

24. The use of "PORT EMERG. MED. SVC. NESPEM1" is confusing to the least sophisticated consumer.

25. The use of "PORT EMERG. MED. SVC. NESPEM1" fails to convey the name of the creditor to whom the debt is owed in a clear and unambiguous way.

26. Defendant has violated § 1692g as it failed to clearly convey the "creditor to whom the debt is owed."

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the
### Creditor to Whom the Debt is Owed

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

3

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. While § 1692e specifically prohibits certain practices, the list is nonexhaustive, and does not preclude a claim of falsity or deception based on nonenumerated practice.

30. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

31. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

32. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

33. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

34. The "least sophisticated consumer" would likely be deceived by Defendant's conduct.

35. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

36. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    d. Plaintiff's costs; together with

    e. Such other relief that the Court determines is just and proper.

DATED: April 27, 2015

                            BARSHAY SANDERS, PLLC

                            By: _____
                            Craig B. Sanders, Esq.
                            100 Garden City Plaza, Suite 500
                            Garden City, New York 11530
                            Tel: (516) 203-7600
                            Fax: (516) 706-5055
                            csanders@barshaysanders.com
                            *Attorneys for Plaintiff*
                            Our File No.: 108804

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530